**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

THOMAS JAMES LEGGS, JR.,          *

        Plaintiff,            *

v.                         *        Civil Action No. GLR-14-1282

WESTERN CORRECTIONAL      *
INSTITUTION,
                             *
        Defendant.

                        ***

**MEMORANDUM OPINION**

Pending before the Court is Defendant Western Correctional Institution's ("WCI") Motion to Dismiss (ECF No. 15) and Plaintiff Thomas James Leggs's Motion for Leave to Amend Complaint (ECF No. 21). The Motions are unopposed. The Court, having reviewed the Motion and supporting documents, finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2014). For the reasons outlined below, the Court will grant Defendant's Motion and deny Plaintiff's Motion.

Plaintiff, an inmate at WCI, requested to be housed in protective custody for his safety. Plaintiff alleges his request was denied because protective custody is primarily reserved for former police and correctional officers and Plaintiff did not have any known enemies. Plaintiff was housed in the general population of the prison. On May 1, 2011, Plaintiff was assaulted by an unknown inmate while in the dining hall, but there were no correctional officers in the room to prevent the incident or apprehend the assailant. Plaintiff initiated this action on April 14, 2014 (ECF No. 1), and, on July 31, 2014, WCI filed their Motion to Dismiss for failure to state a claim (ECF No. 15). Plaintiff requested an extension of time to file a response to the Motion. (ECF No. 17). The Court granted the request and required Plaintiff to file a response no later than

September 22, 2014.  (ECF No. 19).  Plaintiff instead filed a Motion for Leave to Amend Complaint, seeking to add "John Doe" as a Defendant in this matter.  (ECF No. 21).

A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not state "a plausible claim for relief."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 555).  In considering a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true.  See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)).  Because the central purpose of the complaint is to provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests, the plaintiff's legal allegations must be supported by some factual basis sufficient to fairly allow the defendant to prepare a response.  Twombly, 550 U.S. at 555 n.3.

WCI argues the Complaint should be dismissed because it is not the proper party for suit. Plaintiff asserts a claim against WCI for deprivation of the Eighth Amendment right to protection from violence pursuant to 42 U.S.C. § 1983 (2012).  "Section 1983 provides that '[e]very person,' who, under color of state law causes the violation of another's federal rights shall be liable to the party injured by his conduct."  Owens v. Balt. City State's Attorneys Office, 767 F.3d 379, 402 (4th Cir. 2014).  WCI is a building, not a "person," and is, therefore, not amenable to suit under § 1983.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that a state is not a "person" under § 1983); Weller v. Dep't of Soc. Servs. for City of Balt., 901

F.2d 387, 396 (4th Cir. 1990) (stating a state is not a "person" under § 1983). The Court will, therefore, grant WCI's Motion and dismiss this action against it.

In Plaintiff's Motion for Leave to Amend, he alleges John Doe as the person who denied his request to be placed in protective custody in violation of the Eighth Amendment. It is well established that the Eighth Amendment obligates prison officials to take reasonable precautions to "protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)) (internal quotation marks omitted). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Id. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (internal quotation marks omitted).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement[, however,] unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837; see also Rich v. Bruce, 129 F. 3d 336, 339-40 (4th Cir. 1997).

Plaintiff alleges John Doe denied his request for placement in protective custody because he did not have any known enemies. Plaintiff, therefore, has failed to allege John Doe had any knowledge of a risk of harm. As a result, Plaintiff's Motion for Leave to Amend Complaint is futile and will be denied.

For these reasons, Defendant WIC's Motion to Dismiss (ECF No. 15) will be granted and Plaintiff's Motion for Leave to Amend Complaint (ECF No. 21) will be denied.

A separate Order will follow.


March 9, 2015

/s/
_____
George L. Russell, III
United States District Judge